UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
Adrian Pierce,

                    Plaintiff,

      -against-

Medicredit Inc,

                  Defendant.
------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Plaintiff ("Plaintiff" or "Pierce"), by and through her attorney, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for her Complaint against the Defendant Medicredit Inc. ("Defendant" or "Medicredit Inc."), respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation(s) of §1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

2.  The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debtor collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer" Clomon v. Jackson, 998 F.2d 1314 (2d Cir. 1993)

## PARTIES

3.     Plaintiff is a resident of the State of NY, County of Kings, residing at 733 Wyona Street Brooklyn, NY 11207. At all relevant times herein, Plaintiff maintained her residence at this address.

Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Missouri and authorized to conduct business in the State of NY. Upon further information and belief, Defendant is engaged in the business of debt collection of debts incurred,

4.      and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 3620 I 70 Drive, SE, Suite C, Columbia, MO 65201.

5.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6.      Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.  Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of www.medicreditcorp.com, Defendant informs visitors to the site "MediCredit, Inc. is a licensed collection agency and wholly owned subsidiary of The Outsource Group" Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

7.      Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.  Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15

U.S.C. §§1692  *et. seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent

jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

10.     Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

11.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered "1" through "8" herein with the same force and effect as if the same were set forth at

length herein.

12.     Plaintiff allegedly incurred a debt to Doshi Diagnostic Imaging Srvcs, account number

3553xxxx. Upon information and belief, the nature of the underlying debt allegedly owed by the

Plaintiff is the type of debt the FDCPA was designed to regulate.

13.     On or about May 10, 2012, Plaintiff became aware of an item reported on her credit

report by Defendant.

14.     On or about May 10, 2012, Plaintiff sent a dispute letter to Defendant, requesting

validation of the Alleged Debt (See letter, attached hereto and incorporated herein by reference

as "Exhibit A").

15.     Defendant received the letter via certified mail on May 16, 2012.

16.     Defendant willfully failed to update the Plaintiff's credit report as disputed to reflect the

accurate status of the debt (See credit report, attached hereto and incorporated herein by

reference as "Exhibit B")

17.     Defendant left its wrongful and incomplete information on the credit reports despite its

knowledge of the dispute. This significantly harmed the Plaintiff and his credit reputation.

18.    The foregoing action by Defendant violated 15 U.S.C. §1692e, which prohibits the use of any false, deceptive or misleading representation or means in attempt to collect a debt.

19.    The foregoing action by Defendant violated 15 U.S.C. §1692e(8), which requires that disputed account be communicated as disputed.

20.    The foregoing action by Defendant violated 15 U.S.C. §1692e(10), which prohibits the use of false representation and deceptive means in attempt to collect a debt.

21.    The foregoing action by Defendant violated 15 U.S.C. §1692f which prohibits using unfair and unconscionable means in attempt to collect a debt.

22.    As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

23.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

24.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

25.    The Defendant's conduct violated 15 U.S.C.  §1692e in that the Defendants used false, deceptive and misleading representation and means in attempt to collect a debt.

26.    As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(8)

27.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.


28.     The Defendant's conduct violated 15 U.S.C.  §1692e(8) in that the Defendants failed to communicate with the credit bureau that the disputed debt was disputed.

29.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)

30.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

31.     The Defendant's conduct violated 15 U.S.C.  §1692e(10) in that the Defendants used false representation and deceptive means in attempt to collect the alleged debt.

32.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f

33.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

34.     The Defendant's conduct violated 15 U.S.C. §1692f in that the Defendants used unfair and unconscionable means in attempt to collect a debt.

35.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.


**DEMAND FOR TRIAL BY JURY**

36.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Adrian Pierce demands judgment from the Defendant Medicredit Corp., as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendants' practices violated the FDCPA and for an Order enjoining Defendant from engaging in the practices complained of herein; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
         March 21, 2013

                    Respectfully submitted,


                    By:   _s/ Fredrick Schulman
                          FREDRICK SCHULMAN (FS2664)
                    FREDRICK SCHULMAN & ASSOCIATES
                    Attorneys at Law
                    Attorney for Plaintiff
                    30 East 29TH Street
                    New York, New York 10016
                    (212) 796-6053